RUSS, AUGUST & KABAT
Marc A. Fenster, CA State Bar No. 181067
Email: mfenster@raklaw.com
Adam S. Hoffman, CA State Bar No. 218740
Email: ahoffman@raklaw.com
Michael T. Boardman, State Bar No. 279153
Email: mboardman@raklaw.com
12424 Wilshire Boulevard, 12ᵗʰ Floor
Los Angeles, California 90025
Telephone:  310/826-7474
Facsimile:   310/826-6991

Attorneys for Plaintiff
The MoneySuite Company

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| **THE MONEYSUITE COMPANY,**<br><br>**Plaintiff**<br><br>v.<br><br>**INSURANCE ANSWER CENTER, LLC;** *et al.*,<br><br>**Defendants.** | **LEAD**<br>**Case No. 8:11-cv-01847-AG-JPR**<br><br>CONSOLIDATED:<br>Case No.  8:11-cv-01848-AG-JPRx and<br>Case No.  8:11-cv-01850-AG-JPRx<br><br>**STIPULATED PROTECTIVE ORDER** |

## STIPULATED PROTECTIVE ORDER

**WHEREAS**, Plaintiffs The MoneySuite Company ("MoneySuite") and Defendants Insurance Answer Center, LLC, Answer Financial Inc., Esurance Insurance Services, Inc., and the Allstate Insurance Company ("Defendants") possess information relating to this matter that is confidential;

**WHEREAS**, the parties recognize that, in the course of discovery in this lawsuit, it may be necessary to disclose such confidential matter to the other party, but each of them desires to ensure that such confidential matter shall not be used

1  for any purpose other than this action, and shall not be made public or otherwise

2  disseminated, except to the extent necessary for purposes of this action;

3  **WHEREAS**, the parties, by and through their respective counsel of record,

4  have agreed to the text of a Protective Order to prevent unnecessary disclosure or

5  dissemination of their confidential information;

6  Upon consideration of the foregoing, it is hereby ORDERED as follows:

7  1.  In connection with discovery proceedings in this action, the parties may

8  designate any document, thing, material, testimony or other information derived

9  therefrom, as "Confidential" or "Highly Confidential" under the terms of this

10  Protective Order (hereinafter "Order"). Confidential information is trade secrets,

11  proprietary information, and other highly confidential commercial information, or

12  material required to be kept confidential by state or federal law.

13  2.  By designating a document, thing, material, testimony or other

14  information derived therefrom as Confidential or Highly Confidential under the

15  terms of this Order, the party making the designation is certifying to the Court that

16  there is a good faith basis in law and in fact for the designation within the meaning

17  of Federal Rule of Civil Procedure 26(g).

18  3.  Documents shall be designated Confidential or Highly Confidential by

19  stamping copies of the document produced to a party with the legend

20  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

21  ONLY" Stamping the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

22  - ATTORNEYS' EYES ONLY" on the cover of any multipage documents shall

23  designate all pages of the document as Confidential or Highly Confidential, unless

24  otherwise indicated by the producing party.

25  4.  Testimony taken at a deposition may be designated as Confidential or

26  Highly Confidential by making a statement to that effect on the record at the

27  deposition. Arrangements shall be made with the court reporter taking and

28  transcribing such deposition to separately bind such portions of the transcript

**STIPULATED PROTECTIVE ORDER**

1   containing information designated as confidential, and to label such portions
2   appropriately.

3       5. Material designated as Confidential or Highly Confidential under this
4   Order, the information contained therein, and any summaries, copies, abstracts, or
5   other documents derived in whole or in part from material designated as
6   confidential or highly confidential (hereinafter "Designated Material") shall be
7   used only for the purpose of the prosecution, defense, or settlement of this action,
8   and for no other purpose.

9       6. Designated Material produced pursuant to this Order may be disclosed or
10  made available only to the Court, to outside counsel for a party (including
11  paralegal, clerical, and other support personnel employed by such counsel as well
12  as litigation support services (such as personnel providing e-discovery, graphics, or
13  jury or trial consulting support)), and to the "qualified persons" designated below:

14      (a)   a party, or an officer, director, or employee of a party deemed
15            necessary by outside counsel to aid in the prosecution, defense,
16            or settlement of this action;

17      (b)   experts or consultants (together with their clerical staff) retained
18            by such counsel to assist in the prosecution, defense, or
19            settlement of this action but only beginning 5 business days
20            after the identity of such expert or consultant has been disclosed
21            (including all information required by Federal Rule of Civil
22            Procedure 26(a)(2)(iv)-(v) and a statement indicating any past
23            or present relationships to the parties) without objection from
24            the producing party, or, in the event of objection, after Court
25            order permitting the disclosure.  In the event of an objection,
26            the parties shall adhere to the dispute resolution procedure in
27            paragraph 10 below;

28      (c)   court reporter(s) employed in this action;

**STIPULATED PROTECTIVE ORDER**

(d)     any other person as to whom the parties in writing agree.

Prior to receiving any Designated Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be retained by outside counsel for the disclosing party.

7. Only qualified persons may attend depositions at which Designated Material is used or discussed.

8. The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" (hereinafter "Highly Confidential Material"), in the manner described in paragraphs 2 and 3 above. Highly Confidential Material, and the information contained therein, shall be disclosed only to the Court, to outside counsel for the parties (including the paralegal, clerical and secretarial staff employed by such counsel), to one in-house attorney per party, and to the "qualified persons" listed in subparagraphs 6(b) through (e) above, but shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered. If disclosure of Highly Confidential Material is made pursuant to this paragraph, all other provisions in this Order with respect to confidentiality shall also apply.

9. The parties may further designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE" (hereinafter "Source Code Material"),  in the manner described in paragraphs 2 and 3 above. Source Code Material, and the information contained therein, shall be disclosed only to the Court under seal, to outside counsel for a party (including paralegal, clerical, and other support personnel employed by such counsel as well as litigation support services (such as personnel providing e-discovery, graphics, or jury or trial consulting support)), and to the "qualified persons" listed in subparagraphs 6(b) through (e) above, but shall not be disclosed to a party, or to an officer, director or employee of a party, unless

1    otherwise agreed or ordered. If disclosure of Source Code Material is made

2    pursuant to this paragraph, all other provisions in this Order with respect to

3    confidentiality shall also apply.  Source Code Material shall also be subject to the

4    following additional protections, unless otherwise advised by the producing party:

5        a. Any Source Code Material that is produced in this case shall be made

6           available for inspection in electronic (*e.g.*, native) format at the offices

7           of lead outside counsel (Los Angeles for MoneySuite's Source Code,

8           and Chicago for Defendants' Source Code).  Source Code Material

9           includes, but is not limited to, files in programming languages such as

10          C, C++, and C#.  Source Code Material further includes include files,

11          make files, link files and other human-readable files used in the

12          generation of building of software or firmware.

13       b. Once Source Code Material has been made available for inspection,

14          the receiving party shall provide notice of its inspection two business

15          days prior to the inspection.  The notice shall include the expected

16          dates of the inspection as well as who will be conducting the

17          inspection.  The Source Code Material shall be available for

18          inspection from 8:00 a.m. to 6:00 p.m. local time, Monday through

19          Friday, and other days and/or times, including weekends, upon

20          reasonable request.  Access on weekends or after hours shall be

21          permitted only on two days advance notice and only for good cause.

22       c. All Source Code Material shall be made available by the producing

23          party to the receiving party in a secure room on a secured computer

24          without Internet access or network access to other computers and with

25          all input/output ports (such as USB) blocked, as necessary and

26          appropriate to prevent and protect against any unauthorized copying,

27          transmission, removal or other transfer of any source code outside or

28          away from the computer on which the Source Code Material is

**STIPULATED PROTECTIVE ORDER**

1  provided for inspection (the "Source Code Computer").  Unless

2  otherwise agreed to by the parties, the producing party shall install

3  tools requested by the reviewing party at the reviewing party's

4  expense.  In the alternative, the producing party may require the

5  requesting party to supply the secured computer to the producing

6  party at the requesting party's expense, subject to the producing

7  party's examination of the computer to ensure it has been secured as

8  required.

9  d.  The Source Code Material shall be produced, to the extent practicable,

10  as it is kept in the normal course of business.  The receiving party's

11  outside counsel and/or experts shall be entitled to take notes relating

12  to the Source Code Material but may not copy large portions of the

13  Source Code Material into the notes.  No copies of all or any portion

14  of the Source Code Material may leave the room in which the Source

15  Code Material is inspected except as otherwise provided in this order.

16  Further, no other written or electronic record of the Source Code

17  Material is permitted except as otherwise provided in this Order.

18  e.  The producing party shall make available a laser printer with

19  commercially reasonable printing speeds for on-site printing during

20  inspection of the Source Code Material.  The receiving party may

21  print portions of the Source Code Material when reasonably necessary

22  to facilitate the receiving party's furtherance of its claims and

23  defenses in this case. The receiving party shall print only such

24  portions as are relevant to the claims and defenses in the case and are

25  necessary for such purpose.  Upon printing any such portions of

26  Source Code Material, the printed pages shall be collected by the

27  producing party.  The producing party shall Bates number, copy, and

28  label "HIGHLY CONFIDENTIAL – SOURCE CODE" any pages

**STIPULATED PROTECTIVE ORDER**

printed by the receiving party. The producing party may retain a copy of such pages for its records. If the producing party objects that the printed portions are excessive and/or not reasonably necessary to any case preparation activity, the producing party shall make such objection known to the receiving party within two (2) business days. If, after meeting and conferring, the producing party and the receiving party cannot resolve the objection, the producing party shall seek a Court resolution of whether the printed Source Code Material in question is narrowly tailored and reasonably necessary to any case preparation activity as provided herein, as governed by Local Rules 37-1 and 37-2, including the Joint Stipulation requirement, subject to the following expedited schedule. The producing party shall deliver to the receiving party its portion of the Joint Stipulation and related papers, as described in Local Rule 37-2.1, within two (2) business days of the completion of the meet and confer process. Within two (2) business days of receipt, the receiving party shall return its portion of the required Joint Stipulation and related papers, as described in Local Rule 37-2.1, to the producing party. The producing party must use its power to object reasonably and may not, for example, make an objection simply to introduce delay or attempt to discover privileged information. In the absence of any objection, or upon resolution of any such dispute by the Court, the producing party shall provide via overnight mail one copy set of such pages to the receiving party within two (2) business days of the printouts being made. The printed pages shall constitute part of the Source Code Material produced by the producing party in this action.

f. The receiving party's outside counsel of record may make no more than two (2) additional paper copies of any portions of the Source

1      Code Material received from a producing party, not including copies

2      attached to court filings or used at depositions.  The receiving party's

3      outside counsel of record shall maintain a log of all paper copies of

4      the Source Code Material that are delivered by the receiving party to

5      any qualified person under the provisions of this order.  The log shall

6      include the names of the reviewers and/or recipients of paper copies

7      and locations where the paper copies are stored.

8      g.  The receiving party's outside counsel of record and any person

9          receiving a copy of any source code shall maintain and store any

10         paper copies of the Source Code Material at their offices in a manner

11         that prevents duplication of or unauthorized access to the source code,

12         including, without limitation, storing the source code in a locked room

13         or cabinet at all times when it is not in use.

14     h.  A party may make and use snippets and images of the Source Code

15         Material if necessary for court filings, expert reports, discovery

16         responses and other similar documents.  All such documents shall be

17         clearly marked "HIGHLY CONFIDENTIAL – SOURCE CODE"

18         and, if filed, shall be filed under seal.  In addition, any party making

19         such use of Source Code Material in documents filed with the court

20         shall also file redacted versions of said documents not under seal.

21     i.  Defendants have objected to the production of source code, and do not

22         waive their objections by agreeing to these Source Code provisions,

23         and are unable to determine at this time whether more stringent

24         Source Code protection may be appropriate.  In the event Defendants

25         agree or are required to produce source code and determine in good

26         faith that modifications to these Source Code provisions are

27         necessary, MoneySuite agrees to confer with Defendants in good faith

28         prior to such production to make any necessary modifications to this

**STIPULATED PROTECTIVE ORDER**

1    Source Code provision to address Defendants' concerns.  If the parties

2    are unable to agree upon such modifications, the parties shall adhere

3    to the dispute resolution procedure in paragraph 10 below.

4    Modifications to the Source Code provisions shall not have the force

5    and effect of a Court order unless approved by the Court.

6    10. If after meeting and conferring, the parties are unable to agree on experts

7    or consultants disclosed pursuant to paragraph 6(b) or to modifications to the Source

8    Code provisions in subparagraph 9(i), then the party objecting to the expert or

9    consultant, or requesting modifications to the Source Code provisions shall seek a

10   Court resolution of the parties' dispute, as governed by Local Rules 37-1 and 37-2,

11   including the Joint Stipulation requirement, subject to the following expedited

12   schedule.  The moving party shall deliver to the opposing party its portion of the

13   Joint Stipulation and related papers, as described in Local Rule 37-2.1, within two

14   (2) business days of the completion of the meet and confer process.  Within two (2)

15   business days of receipt, the opposing party shall return its portion of the required

16   Joint Stipulation and related papers, as described in Local Rule 37-2.1, to the

17   moving party. The moving party must use its power to object or seek modifications

18   reasonably and may not, for example, make an objection or seek modifications

19   simply to introduce delay or attempt to discover privileged information.  Any

20   modification of this Order will not have the force and effect of a Court order unless

21   approved by the Court.

22   11. Any individual to whom Highly Confidential information of a technical

23   nature is disclosed shall execute a nondisclosure agreement in the form of

24   Attachment A prior to disclosure, a copy of which shall be retained by outside

25   counsel for the disclosing party.  Each such individual shall thereafter be

26   prohibited from being directly involved in preparing or prosecuting patent

27   applications, including but not limited to claim drafting, reviewing, or editing,

28   where such claims involve the same subject matter as the asserted patent.  This bar

**STIPULATED PROTECTIVE ORDER**

1   shall apply from the date commencing with such disclosure through a period of one

2   year after termination of this litigation.  Nothing in this paragraph shall prevent

3   such individuals from sending non-confidential prior art to any person under a duty

4   of candor involved in patent prosecution for purposes of ensuring that such prior

5   art is submitted to the U.S. Patent and Trademark Office (or any similar agency of

6   a foreign government) to assist a patent applicant in complying with its duty of

7   candor, or from discussing any aspect of this case that is reasonably necessary for

8   the prosecution or defense of any claim or counterclaim in this litigation with

9   his/her client, but which shall not include any direct involvement in preparing or

10   prosecuting patent applications.

11        12.If timely corrected, an inadvertent failure to designate qualified

12   information or items as Confidential or Highly Confidential does not, standing

13   alone, waive the designating party's right to secure protection under this Order for

14   such material.  If material is appropriately designated as Confidential or Highly

15   Confidential after the material was initially produced, the receiving party, on

16   timely notification of the designation, must make reasonable efforts to ensure that

17   the material is treated in accordance with the provisions of this Order.

18        13.Nothing herein shall impose any restrictions on the use or disclosure by a

19   party of material obtained by such party independent of discovery in this action,

20   whether or not such material is also obtained through discovery in this action, or

21   from disclosing its own Designated Material as it deems appropriate, or to restrict a

22   party's use of its own Designated Material.

23        14.A non-party producing information or material voluntarily or pursuant to

24   a subpoena or a court order may designate such material or information as

25   Designated Materials pursuant to the terms of this Protective Order.

26        15.If Designated Material, including any portion of a deposition transcript

27   designated as Confidential or Highly Confidential, is included in any papers to be

28   filed with the Court, such papers shall be accompanied by an application to (a) file

**STIPULATED PROTECTIVE ORDER**

1    the confidential portions thereof under seal (if such portions are segregable), or (b)

2    file the papers in their entirety under seal (if the confidential portions are not

3    segregable). The application shall be directed to the judge to whom the papers are

4    directed. Pending the ruling on the application, the papers or portions thereof

5    subject to the sealing application shall be lodged under seal.

6         16. This Order shall be without prejudice to the right of the parties (i) to

7    bring before the Court at any time the question of whether any particular document

8    or information is confidential or whether its use should be restricted or (ii) to

9    present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective

10   order as to any particular document or information, including restrictions differing

11   from those as specified herein. This Order shall not be deemed to prejudice the

12   parties in any way in any future application for modification of this Order,

13   notwithstanding that any modification of this Order will not have the force and

14   effect of a Court order unless approved by the Court.

15        17. This Order is entered solely for the purpose of facilitating the exchange

16   of documents and information between the parties to this action without involving

17   the Court unnecessarily in the process. Nothing in this Order nor the production of

18   any information or document under the terms of this Order nor any proceedings

19   pursuant to this Order shall be deemed to have the effect of an admission or waiver

20   by either party or of altering the confidentiality or nonconfidentiality of any such

21   document or information or altering any existing obligation of any party or the

22   absence thereof.

23        18. This Order shall survive the final termination of this action, to the extent

24   that the information contained in Designated Material is not or does not become

25   known to the public, and the Court shall retain jurisdiction to resolve any dispute

26   concerning the use of information disclosed hereunder. Upon termination of this

27   case, counsel for the parties shall assemble and return to each other all documents,

28   material and deposition transcripts designated as  Confidential or Highly

**STIPULATED PROTECTIVE ORDER**

Confidential and all copies of same, or shall certify the destruction thereof.

Dated:  April 6, 2012

Respectfully submitted,
**RUSS AUGUST & KABAT**

By:   /s/ *Adam S. Hoffman*
          Adam S. Hoffman
Marc A. Fenster, State Bar No. 181067
Email: mfenster@raklaw.com
Adam S. Hoffman, State Bar No. 218740
Email: ahoffman@raklaw.com
Michael T. Boardman, State Bar No. 279153
Email: mboardman@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone:  (310) 826-7474
Facsimile:   (310) 826-6991
Attorneys for Plaintiff
**THE MONEYSUITE COMPANY**

By:   /s/ *Matthew V. Topic*
          Matthew V. Topic
Garret A. Leach
Matthew V. Topic
gleach@kirkland.com
mtopic@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Sharre S. Lotfollahi (State Bar No. 258913)
sharre.lotfollahi@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

**STIPULATED PROTECTIVE ORDER**

1
2
3
4

Attorneys for Defendants
Insurance Answer Center,
Answer Financial, Inc.,
Esurance Insurance Services, Inc.,
Allstate Insurance Company

5   PURSUANT TO STIPULATION, IT IS SO ORDERED.

6
7
8   Dated: <u>April 06, 2012</u>

Honorable Jean P. Rosenbluth
Magistrate Judge
Central District of California

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Attachment A

## **Nondisclosure Agreement**

I, _____, do solemnly swear that I am fully familiar with the terms of the Protective Order Concerning Confidential Information entered in [CASE NAME], and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of the Court. I hereby consent to the jurisdiction of the Court for purposes of enforcing this nondisclosure agreement.

DATED:

_____

[Name of Signator Typed]

STIPULATED PROTECTIVE ORDER